IN RE PHILLIPS.

U. S. ROHRER, APPELLANT, v. L. PHILLIPS, APPELLEE.

FILED FEBRUARY 11, 1913. No. 17,756.

1. **Intoxicating Liquors: APPLICATION FOR LICENSE: REMONSTRANCE: BURDEN OF PROOF.** In order to defeat an application for a saloon license on the ground that the applicant has violated the provisions of chapter 50, Comp. St. 1911, entitled "Liquors," by selling intoxicating liquor to a minor, the burden of proof is on the remonstrator to establish that fact by a preponderance of the evidence.

2. ———: ———: ———: EVIDENCE. The evidence contained in the bill of exceptions examined, and found sufficient to sustain the order of the licensing board, and judgment of the district court affirming such order.

APPEAL from the district court for Adams county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*Benjamin F. Johnson,* for appellant.

*W. P. McCreary, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Adams county, affirming an order of the mayor and council of the city of Hastings granting a license to one L. Phillips to sell malt, spirituous and vinous liquors in that city for the license year, commencing May 1, 1912.

The only question presented by the record is one of fact. The remonstrance contained an allegation that Phillips, a licensed saloon-keeper, had violated the provisions of chapter 50, Comp. St. 1911, entitled "Liquors," within the preceding year by selling liquor to a minor. That issue was tried before the mayor and council, and was decided against the remonstrator. An appeal was taken to the district court, where that question was again tried upon the transcript of the evidence taken before the mayor and city council. The district court found that the remonstrator had failed to establish the charge set forth in his remonstrance, and affirmed the order of the licensing board. From that judgment the remonstrator has prosecuted this appeal.

An examination of the record discloses that one Otto Parry, a young man about 19 years of age, testified that he had bought liquor in appellee's saloon in August, October and November of the year 1911; that he was waited upon by Phillips' bartenders. He did not claim to be able to definitely fix the date of his purchases, except on one occasion, when appellee cashed a check for him for $13. He testified that at that time he bought a glass of beer, and received the balance of the check in money. On the other hand, the three persons who tended bar for Phillips testified positively that they did not know Parry, and that they never had sold him any liquor at any time. The appellee testified that he might have cashed a check for $13 at Parry's request; that he knew him; that if he cashed the

check he paid him the full amount in cash; that he sold him no liquor, and did not on any occasion of that kind wait on a customer at the bar of his saloon.

The foregoing is the substance of the evidence contained in the bill of exceptions. As we view the record, the evidence fails to sustain the charge contained in the remonstrance. The finding of the district court is sustained, and its judgment is

AFFIRMED.

REESE, C. J., not sitting.